Richard P. Haber, Esq.
Michael E. Auerbach, Esq.
BUCKLEY MADOLE, P.C.
420 Lexington Avenue, Ste. 840
New York, NY 10170
Telephone: 347-286-7409
*Attorneys for Defendants,*
*JPMorgan Chase & Co. and*
*JPMorgan Chase Bank, National Association*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>Defendants. | *Document filed electronically*<br><br>Civil Action No. 17-2971<br><br>**NOTICE OF REMOVAL** |

**NOTICE IS HEREBY GIVEN** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, JPMorgan Chase & Co. ("JPMC & Co.") and JPMorgan Chase Bank, National Association ("JPMCB" and collectively with JPMC & Co., the "Chase Defendants") hereby remove the above-captioned civil action instituted in the Supreme Court of the State of New York, Queens County, bearing Index Number 704909/2017 to the United States District Court for the Eastern District of New York (the "District Court").

**PLEASE TAKE FURTHER NOTICE** that on the same date this Notice of Removal was electronically filed in the District Court, a copy of this Notice of Removal and all supporting

documents were filed with the Clerk of the Supreme Court of New York, Queens County, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, the Chase Defendants reserve all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, Federal Rule of Civil Procedure 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this Notice of Removal, the Chase Defendants rely upon the following:

1. Plaintiff, Linda Williams (hereinafter, "Plaintiff") commenced this action against the Chase Defendants with the filing of a four-count verified complaint (the "Complaint") in the Supreme Court of the State of New York, Queens County, bearing index number 704909/2017 (the "State Court Action"). True and accurate copies of the filed Summons, Verified Complaint and Affidavits of Service are attached hereto and incorporated herein as "Exhibit A."

2. Within the meaning and intent of 28 U.S.C. § 1446(a), the documents contained in Exhibit A constitute all process, pleadings and orders filed to date in the State Court Action.

3. According to the Affidavits of Service contained within Exhibit A, JPMC & Co. and JPMCB were allegedly served with the Summons and Verified Complaint on April 17, 2017. Without prejudice to any arguments of the Chase Defendants that this purported service was not proper and is therefore ineffective, removal is timely pursuant to 28 U.S.C. § 1446(b)(1), Fed. R. Civ. P. 6(a) and Local Civil Rule 81.1.

4. Through the Complaint, Plaintiff seeks money damages for purported fraudulent, unfair, and deceptive consumer practices, and for breach of contract, related to alleged errors in the processing of a mortgage loan application relating to real property owned by Plaintiff located in Queens County, New York.

5. In accordance with 28 U.S.C. § 1446(a), this Court is the appropriate court for filing this Notice of Removal because this Court is the United States District Court for the district and division in which the State Court Action was pending. Accordingly, the Eastern District of New York is the proper venue for removal.

### There is Diversity Jurisdiction under 28 U.S.C. § 1332(a)

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is diversity of citizenship between Plaintiff, on the one hand, and JPMCB, on the other. For reasons explained in Paragraphs 10-11, *infra*, the citizenship of JPMC & Co. is immaterial for purposes of diversity jurisdiction in this action.

7. In the Complaint, Plaintiff states that she is seeking money damages in the amount of $8,000,000. *See* Complaint, ¶¶ 23, 29, 32, 37, and "WHEREFORE" clause. Accordingly, the amount in controversy exceeds $75,000.

8. Plaintiff alleges that she resides in the County of Queens, City and State of New York. *See* Complaint, ¶ 1. Therefore, for purposes of 28 U.S.C. § 1332(a) and Local Civil Rule 81.1, Plaintiff is a citizen of the State of New York.

9. JPMCB is a national banking association and has designated Columbus, Ohio, as the location of its main office in its articles of association. Therefore, pursuant to 28 U.S.C. § 1348 and *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), and for purposes of 28 U.S.C. § 1332(a) and Local Civil Rule 81.1, JPMCB is a citizen of the State of Ohio.

10. JPMC & Co. is a financial holding company incorporated in the State of Delaware, with a principal place of business in the State of New York. Therefore, for purposes of 28 U.S.C. § 1332(a) and Local Civil Rule 81.1, JPMC & Co. is a citizen of both the State of Delaware and the State of New York. However, the citizenship status of JPMC & Co. is

3

immaterial for diversity purposes, and cannot serve as a basis to defeat diversity, pursuant to the legal theory of "fraudulent joinder". ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206-207 (2d Cir. 2001)). District courts regularly review pleadings for "fraudulent joinder" to determine if it should "disregard parties with no real connection with the controversy." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 380, 388 (S.D.N.Y. 2009). It is also "a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation…is not liable for acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotation and citations omitted).

11. Here, Plaintiff's claims are premised upon the alleged mishandling of a mortgage loan application. In the Complaint, she lumps the Chase Defendants together without attributing any specific alleged conduct directly to either entity. Rather, she seemingly joins both Chase Defendants generically in connection with the entirety of the transaction. JPMC & Co. is not a bank, does not make mortgage loans and has no connection to the allegations made by Plaintiff other than being the corporate parent of JPMCB (which is a bank, does make mortgage loans, and is the only possible entity of whom Plaintiff complains). *See* JPMCB Corporate Disclosure Statement, filed simultaneously with this Notice of Removal. Because JPMC & Co. cannot be held liable for any acts or omissions of JPMCB alleged in the Complaint, it has no connection to this controversy. Accordingly, the citizenship of JPMC & Co. must be disregarded for purposes of analyzing diversity jurisdiction.

12. Because Plaintiff is a citizen of the State of New York, JPMCB is a citizen of the State of Ohio, and the citizenship status of JPMC & Co. must be disregarded, complete diversity exists between Plaintiff and Defendants.

### The Rule of Unanimity Has Been Satisfied

13. The Chase Defendants are the only defendants in this action, and both jointly seek removal of the matter to the District Court.

14. Based upon the foregoing, removal is appropriate under 28 U.S.C. § 1441(a) and the Defendants have properly effected removal pursuant to 28 U.S.C. § 1446.

BUCKLEY MADOLE, P.C.
*Attorneys for Defendants,*
*JPMorgan Chase & Co. and*
*JPMorgan Chase Bank, National Association*

Dated: May 16, 2017     By: /s/ *Richard P. Haber*
                                Richard P. Haber